

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# USA v. Humphries

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2955

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Humphries" (2007). *2007 Decisions.* Paper 991.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/991

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PATRICK L. MEEHAN, ESQUIRE
United States Attorney
ROBERT A. ZAUZMER, ESQUIRE (ARGUED)
Assistant United States Attorney
FLOYD J. MILLER, ESQUIRE
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
          Attorneys for Appellee

                        _____

                    OPINION OF THE COURT
                        _____

NOONAN, Circuit Judge

        Fred Humphries appeals his conviction of possession of a firearm by a convicted felon

in violation of 18 U.S.C. § 922(g)(1). His appeal challenges the denial by the district court of

his motion to suppress the firearm as the fruit of an unreasonable search and seizure in

violation of his rights under the Fourth Amendment to the Constitution. Holding his conviction

to be in accordance with law, we affirm the judgment of the district court.

                            FACTS

        As is appropriate on a motion to suppress, the facts were established by a hearing before

the district court. Philadelphia police officer Gerald Campbell was the only witness. He

testified as follows:

        On May 14, 2004, at 10:45 a.m. he was on duty in a marked police car. His attention

SUSAN L. FIELDS, ESQUIRE (ARGUED)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
        Attorney for Appellee

---

OPINION OF THE COURT

---

NOONAN, *Circuit Judge*.

Fred Humphries ("Humphries") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals, arguing that the district court erred by denying his motion to suppress evidence discovered in his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We may affirm the district court's judgment on any basis supported by the record. *Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 (3d Cir. 1988). While Humphries was actually arrested for a DUI violation, there was probable cause to arrest Humphries for leaving the scene of an accident in violation of 75 Pa. C. S. § 3743. *See Devenpeck v. Alford*, 543 U.S. 146, 154-55 (2004). Two Philadelphia police officers observed Humphries backing his Nissan Pathfinder up the wrong side of the street, away from another vehicle pinned against a fence. The occupants of the pinned vehicle were pointing toward the Pathfinder, which had extensive damage to its front end. Based on the facts known to the officers, there was probable cause to believe that Humphries was leaving the scene of an accident, and they had authority to arrest him for this offense without a warrant. *See id.* at 152; *see also* 75 Pa. C. S. § 6304. Thus, the evidence at

2

issue is admissible because it was obtained during a search incident to a lawful arrest. *New York v. Belton*, 453 U.S. 454, 460 (1981). We need not reach the issue of whether the evidence was admissible under the doctrine of inevitable discovery. *See Nix v. Williams*, 467 U.S. 431 (1984).

AFFIRMED.